**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**

Eastern District of Kentucky
FILED

AUG 06 2026

AT LEXINGTON
Robert R. Carr
CLERK U.S. DISTRICT COURT

**UNITED STATES OF AMERICA**

**V.**                                      INDICTMENT NO. 2685-REW-MAS

**JEREMY BRANN**

\*    \*    \*    \*    \*

**THE GRAND JURY CHARGES:**

### COUNT 1
### 18 U.S.C. § 2252(a)(2)

In or about December 2025, in Clark County, in the Eastern District of Kentucky, and elsewhere,

**JEREMY BRANN**

did knowingly receive a visual depiction using any means or facility of interstate or foreign commerce, including by computer, and the production of said visual depiction involved the use of a minor engaging in sexually explicit conduct, and the visual depiction was of such conduct, all in violation of 18 U.S.C. § 2252(a)(2).

### COUNT 2
### 18 U.S.C. § 2252(a)(2)

In or about February 2026, in Clark County, in the Eastern District of Kentucky, and elsewhere,

**JEREMY BRANN**

did knowingly receive a visual depiction using any means or facility of interstate or

foreign commerce, including by computer, and the production of said visual depiction involved the use of a minor engaging in sexually explicit conduct, and the visual depiction was of such conduct, all in violation of 18 U.S.C. § 2252(a)(2).

## COUNT 3
### 18 U.S.C. § 2252(a)(2)

In or about March 2026, in Clark County, in the Eastern District of Kentucky, and elsewhere,

**JEREMY BRANN**

did knowingly receive a visual depiction using any means or facility of interstate or foreign commerce, including by computer, and the production of said visual depiction involved the use of a minor engaging in sexually explicit conduct, and the visual depiction was of such conduct, all in violation of 18 U.S.C. § 2252(a)(2).

## COUNT 4
### 18 U.S.C. § 2252(a)(4)(B)

On or about April 21, 2026, in Clark County, in the Eastern District of Kentucky,

**JEREMY BRANN**

did knowingly possess a matter containing visual depictions that had been transported in and affecting interstate and foreign commerce, and the production of said visual depictions involved the use of a minor, including a prepubescent minor or a minor under 12 years of age, engaging in sexually explicit conduct and the visual depictions were of such conduct, all in violation of 18 U.S.C. § 2252(a)(4)(B).

# FORFEITURE ALLEGATION
## 18 U.S.C. § 2253

1.      By virtue of the commission of the offenses alleged in the Indictment, **JEREMY BRANN** shall forfeit to the United States any and all interest that he has in any visual depiction, or matter containing such visual depiction, that was produced, transported, mailed, shipped, or received as part of the violations of 18 U.S.C. § 2252; any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from the violations of 18 U.S.C. § 2252; and any property, real or personal, used or intending to be used in the commission or promotion of the violations of 18 U.S.C. § 2252 or traceable to such property. Any and all interest that **JEREMY BRANN** has in this property is vested in and forfeited to the United States pursuant to 18 U.S.C. § 2253.

2.      The property to be forfeited includes, but is not limited to, the following:

**ELECTRONIC EQUIPMENT:**
a.  Samsung Galaxy S24 Ultra Cellphone, Model: SM-S928U, IMEI: 354126950321500; and
b.  Associated software and peripherals.

**A TRUE BILL**

_____

**JASON D. PARMAN**
**FIRST ASSISTANT UNITED STATES ATTORNEY**

**ERIN M. ROTH**
**ASSISTANT UNITED STATES ATTORNEY**

## PENALTIES

**COUNTS 1-3:**  Not less than 5 years nor more than 20 years imprisonment, not more than a $250,000 fine, and not less than 5 years nor more than lifetime supervised release.

**COUNT 4:**  Not more than 20 years imprisonment, not more than a $250,000 fine, and not less than 5 years nor more than lifetime supervised release.

**PLUS:**  Forfeiture of all listed property.

**PLUS:**  Mandatory special assessment of $100 per count.

A mandatory special assessment of $5,000, pursuant to 18 U.S.C. § 3014, for non-indigent Defendants convicted of certain offenses, including those in chapter 110.

Pursuant to 18 U.S.C. §2259A, per count of no more than:

(1) $17,000.00 if convicted of 18 U.S.C. §2252(a)(4) or §2252A(a)(5); or

(2) $35,000.00 if convicted of any other trafficking in child pornography offense as defined by §2259(c)(3), which includes offenses under 18 U.S.C. §§2251(d), 2252(a)(1) through (3), 2252A(a)(1) through (4), 2252A(g) (in cases in which the series of felony violations exclusively involves violations of sections 2251(d), 2252, 2252A(a)(1) through (5), or 2260(b)), or 2260(b).

**PLUS:**  Restitution, if applicable. Mandatory restitution under 18 U.S.C. § 2259 that, for any conviction of an offense described in paragraphs (E)(1) or (2), is not less than $3,000.00 per child pornography trafficking victim.